PHILLIP A. TALBERT
Acting United States Attorney
BRIAN A. FOGERTY
SAM STEFANKI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-00148-TLN |
|---|---|
| Plaintiff, | |
| v. | |
| ANGEL JESUS SANCHEZ-MANRIQUEZ, | PLEA AGREEMENT |
| Defendant. | |

I.   **INTRODUCTION**

A.   **Scope of Agreement.**

The information in this case charges the defendant with violations of 18 U.S.C. §§ 1591(a)(1) and (b)(2) – Sex Trafficking of a Child. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B.   **Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the information. The Court is under no obligation to accept any recommendations made by

PLEA AGREEMENT                               1

the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to Count One of the information, Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). The defendant agrees that he is guilty of this charge and that the facts set forth in the Factual Basis for Guilty Plea, attached as Exhibit A, are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this agreement generally.

#### 1.   Waiver of Indictment.

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty, and that pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

B. **Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees that the conduct to which he is pleading guilty requires mandatory restitution pursuant to 18 U.S.C. § 1593(a), and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victim covered in the factual basis, Victim A. The defendant agrees to pay the amount of restitution that is determined by the Court. Restitution payments shall be made by cashier's or certified check made payable to the Clerk of the Court.

C. **Fine.**

The defendant reserves the right to argue to the United States Probation Office ("Probation") and to the Court at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft presentence report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

D. **Special Assessment.**

Pursuant to 18 U.S.C. §§ 3013(a)(2)(A) and 3014(a)(1), the defendant agrees to pay a special assessment of $5,100. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

E. **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or

procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting obstruction of justice.

If the defendant violates this plea agreement in any way, the government also shall have the right (i) to prosecute the defendant on any of the counts to which he pleaded guilty; (ii) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (iii) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitations or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant. The defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

///

### F. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five weeks from entry of the defendant's plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

### G. Forfeiture.

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 1594(d). Those assets include, but are not limited to, the following:

1. One silver iPhone, serial number F2LD92RVN70G, IMEI number 352838114876375; and
2. One black iPhone, serial number F2LYFHRTKXKN, IMEI number 354838096692814.

The defendant agrees that the listed assets constitute property that was used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 1591(a). The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States

Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III.   GOVERNMENT'S OBLIGATIONS

#### A.   Non-Prosecution.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis for Guilty Plea, attached as Exhibit A. This provision is void if the defendant breaches this plea agreement in any way, including if the defendant questions or contests in any way whether a victim is entitled to restitution or has all of the rights provided in the Crime Victims' Rights Act.

#### B.   Recommendations.

##### 1.   Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range (including the application of the ten-year mandatory minimum term) as determined by the Court.

##### 2.   Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than sixteen) or a three-level reduction (if the offense level reaches sixteen) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G.") § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the presentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the presentence report or during the sentencing proceeding.

#### C.   Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also

///

understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.     ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2):

1. First, beginning no later than in or around October 2020, and continuing through in or around December 2020, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, or maintained Victim A to engage in a commercial sex act;

2. Second, the defendant knew or, except in the case of advertising, recklessly disregarded the fact that Victim A had not attained the age of eighteen years and would be caused to engage in a commercial sex act; and

3. Third, the defendant's acts were in or affecting interstate or foreign commerce.

The defendant fully understands the nature and elements of the crimes charged in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose is life in prison, a fine of $250,000, a lifetime term of supervised release and a special assessment of $5,100. Conviction of this offense carries a mandatory minimum sentence of ten years of incarceration and five years of supervised release. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

///

B.   **Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five additional years of imprisonment per revocation.

## VI.   SENTENCING DETERMINATION

A.   **Statutory Authority.**

The defendant understands that the Court must consult the Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Guidelines and must take them into account when determining a final sentence.

The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B.   **Stipulations Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: 30, pursuant to U.S.S.G. § 2G1.3(a)(2).
2. Specific Offense Characteristics:
   a) The defendant's offense level should be increased by 2 levels because the offense involved the use of an interactive computer service, specifically, online prostitution advertisements soliciting buyers willing to pay money for Victim A to perform commercial sex acts with them, pursuant to U.S.S.G. § 2G1.3(b)(3)(B).
   b) The defendant's offense level should be increased by 2 levels because the offense involved the commission of a sex act or sexual contact by Victim A, pursuant to U.S.S.G. § 2G1.3(b)(4)(A).

3. Chapter Three Adjustment for Acceptance of Responsibility: See section III.B.2 above.

4. Criminal History and Criminal Livelihood: The parties agree that the defendant's criminal history will be determined by the Court.

C. **Departures or Other Enhancements or Reductions.**

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's post-plea obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Both parties agree not to move for, or argue in support of, any other departure from the Guidelines.

D. **Defendant's Recommendation.**

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

## VII.   WAIVERS

A. **Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (i) to plead not guilty and to persist in that plea if already made; (ii) to be tried by a jury; (iii) to be assisted at trial by an attorney, who would be appointed if necessary; (iv) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute of conviction, and other pretrial motions that have been filed or could be filed; (v) to subpoena witnesses to testify on his behalf; (vi) to confront and cross-examine witnesses against him; and (vii) not to be compelled to incriminate himself.

B. **Waiver of Appeal and Collateral Attack.**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statute to which the defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts attached to this

agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (i) the sentence imposed by the Court exceeds the statutory maximum; and/or (ii) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in section III above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on the count to which he is pleading guilty, the government shall have the rights set forth in section II.E above.

### C.   Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Pub. L. No. 105-119, § 617 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D.   Impact of Plea on the Defendant's Immigration Status.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that the defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that the defendant will be removed.

///

Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

E.   **Sex Offender Registration.**

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

If he resides in California following release from prison, the defendant will be subject to the registration requirements of California Penal Code Section 290. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in the state in which he is released, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within seventy-two hours of release from imprisonment.

///

///

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 8-9-2021

DAVID D. FISCHER
Attorney for Angel Jesus Sanchez-Manriquez

### B. Defendant.

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8-9-21

ANGEL JESUS SANCHEZ-MANRIQUEZ
Defendant

8-9-21

///
///
///

C. **Attorney for the United States.**

I accept and agree to this plea agreement on behalf of the government.

Dated:   August 23, 2021

PHILLIP A. TALBERT
Acting United States Attorney

*/s/ Sam Stefanki*

SAM STEFANKI
Assistant United States Attorney

# EXHIBIT A
## Factual Basis for Guilty Plea

Between no later than in or around October 2020, and continuing through in or around December 2020, in San Joaquin County, in the State and Eastern District of California, and elsewhere, Angel Jesus Sanchez-Manriquez committed the offense of Sex Trafficking of a Child, specifically, Victim A, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).

Sanchez-Manriquez recruited, harbored, transported, provided, enticed, obtained, advertised, and maintained Victim A, knowing that Victim A had not attained the age of eighteen years and that she would be caused to engage in at least one commercial sex act.

**A.    Sanchez-Manriquez Advertised Victim A for Commercial Sex Acts.**

Beginning no later than October 2020 and continuing through December 2020, Sanchez-Manriquez posted approximately seventy advertisements on the website Skipthegames.com, each of which contained images of Victim A and advertised her availability to perform commercial sex acts for sex buyers. Nearly all these online advertisements referred interested sex buyers to a telephone number that belonged to and was controlled by Sanchez-Manriquez.

Sanchez-Manriquez created and posted these advertisements to attract prostitution clients, *i.e.*, strangers who would pay money to have sex with Victim A so that Sanchez-Manriquez could make money for himself. On or around November 20, 2020, Sanchez-Manriquez and a relative, Person 1, exchanged the following messages in which Sanchez-Manriquez stated that he was using Victim A to make money:

*Sanchez-Manriquez:*   When j go back ima ask George to give me a job so I can do payments

*Person 1:*   Claudia said if you stop smoking either joe or Leah can get you a job

*Sanchez-Manriquez:*   I'm ok I got [Victim A] to make my money . . .

At all times when Sanchez-Manriquez advertised Victim A's commercial sex acts, Sanchez-Manriquez knew that she had not yet attained the age of eighteen years.

**B.    Sanchez-Manriquez Harbored and Provided Victim A to Sex Buyers.**

Beginning no later than October 2020 and continuing through December 2020, Sanchez-Manriquez paid for motel rooms in and around the Stockton area for the purpose of providing locations

for Victim A to perform commercial sex acts with sex buyers.  For example, on or around November 8, 2020, Sanchez-Manriquez rented a room at the Motel 6 located on Plymouth Road in Stockton, for the purpose of providing a place for Victim A to earn money for him by having sex with strangers.  On or around November 8, 2020, Sanchez-Manriquez and Victim A exchanged the following texts via Apple iMessage in which the two discuss Victim A performing commercial sex acts for sex buyers (who are often called "tricks"):

*Victim A:*                I'm with the guy waiting

*Sanchez-Manriquez:*  Rush the trick for making us do all this extra shit baby, I love u, 😘

. . .

*Sanchez-Manriquez:*  U gotta leave in 15 mins 10 o clock, Make sure u out that room

At all times when Sanchez-Manriquez harbored and provided Victim A, Sanchez-Manriquez knew that she had not yet attained the age of eighteen years.

### C. Sanchez-Manriquez Video-Recorded Fifteen-Year-Old Victim A Performing Oral and Vaginal Sex.

Sanchez-Manriquez used his mobile cellular device to record images and videos of Victim A engaged in sexual acts with adults, namely, himself.  At all times relevant, Victim A was no older than sixteen years old.

Sanchez-Manriquez's mobile cellular device, an Apple iPhone, contained the following depictions of Victim A engaging in sexual acts with Sanchez-Manriquez:

1. IMG_0159.MOV, a video file depicting Victim A performing oral sex on Sanchez-Manriquez;
2. IMG_0124.MOV, a video file depicting Victim A performing oral sex on Sanchez-Manriquez;
3. IMG_0008.MOV, a video file depicting Victim A and Sanchez-Manriquez engaged in vaginal sexual intercourse;
4. IMG_0126.MOV, a video file depicting Victim A and Sanchez-Manriquez engaged in vaginal sexual intercourse;

///

PLEA AGREEMENT                                                    A-2

5. IMG_0127.MOV, a video file depicting Victim A and Sanchez-Manriquez engaged in vaginal sexual intercourse;

6. IMG_0129.MOV, a video file depicting Victim A and Sanchez-Manriquez engaged in vaginal sexual intercourse;

7. IMG_0158.MOV, a video file depicting Victim A and Sanchez-Manriquez engaged in vaginal sexual intercourse.

Sanchez-Manriquez's Apple iPhone also contained the following depictions of Victim A engaging in sexually explicit conduct: IMG_0286.MOV, a video depicting Victim A nude on a bed in Sanchez-Manriquez's room, displaying her vagina to the camera and manipulating her vagina with her hands, all while Sanchez-Manriquez filmed.

**D.  Sanchez-Manriquez's Conduct Affected Interstate and Foreign Commerce.**

Sanchez-Manriquez managed and directed Victim A's prostitution activity using, among other things, text message communications on his Apple iPhone mobile cellular device, which was manufactured outside of the State of California. He also advertised and provided Victim A through the website Skipthegames.com, which is headquartered outside the United States. Furthermore, the motels where Sanchez-Manriquez harbored Victim A regularly serve out-of-state guests.

* * *

I have read and carefully reviewed the Factual Basis for Guilty Plea with my attorney. I agree that, as it concerns my conduct, it is true and correct. I also agree that if this matter proceeded to trial, the United States could establish each of the facts contained within the Factual Basis for Guilty Plea beyond a reasonable doubt, and that those facts satisfy the elements of the offense to which I am pleading guilty.

Dated: 8-9-21

ANGEL JESUS SANCHEZ-MANRIQUEZ
Defendant

8-9-21

PLEA AGREEMENT                    A-3