DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 447-8600
Fax: (916) 930-6482
E-Mail: david.fischer@fischerlawoffice.com

Attorney for Defendant
ANGEL JESUS SANCHEZ-MANRIQUEZ

**UNITED STATES OF DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANGEL JESUS SANCHEZ-MANRIQUEZ,<br><br>　　　　Defendant. | Case No.: 2:21-CR-00148<br><br>**DEFENDANT ANGEL SANCHEZ-MANRIQUEZ'S SENTENCING MEMORANDUM** |

## I. INTRODUCTION

The plea agreement allows Mr. Sanchez-Manriques, the defendant, to ask for a sentence of 120 months of imprisonment (the mandatory minimum sentence that can be imposed), and it obligates the government to recommend no more than the low end of the applicable guideline range. The probation officer assigned to the case has found that the guideline range is 135 to 168 months and has recommended a sentence of 135 months.

Mr. Sanchez-Manriquez is asking the Court for a downward variance to 120 months of imprisonment based his age, his history of childhood abuse and neglect, his acceptance of responsibility, and his expression of remorse for his conduct. He looks forward to remaking his life by enrolling in vocational and drug rehabilitation programs within the Bureau of Prisons. We respectfully submit that a sentence of 120 months is

sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing pursuant to 18 U.S.C. §3553(a) given the nature and circumstances of the offense and the history and characteristics of the defendant.

## I. BACKGROUND

The details of his personal and family life are listed beginning on page 12 of the PSR. His parents were teenagers when Mr. Sanchez-Manriquez was born. He grew up without a father. His only memories of his father are of his father terrorizing his mother when he was very young. Because his mother was so young when Mr. Sanchez-Manriquez was born, she had no interest in raising him. Mr. Sanchez-Manriquez was exposed to gangs, violence, drugs and alcohol at a very early age. He tried marijuana at age 6, and became addicted to drugs and alcohol by age 14. And although having a difficult childhood and being addicted to drugs is not a justification for committing this offense, it provides a background for how this crime developed.

## II. REASONS WHY THE DEFENSE RESPECTFULLY REQUESTS A VARIANCE FROM 135 MONTHS TO 120 MONTHS

In *Pepper v. U.S.* 131 S.Ct. 1229, 1240 (2011), the Court emphasized the need for individualized sentencing, reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)); see *Miller v. Alabama*, 567 U.S. 460, 470 (2012) ('punishment for crime should be graduated and proportioned to both the offender and the offense").

"Sentencing is an art, not to be performed as a mechanical process but as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *U.S. v. Harris,* 679 F.3d 1179, 1183 (9th Cir. 2012). *Pepper*, *Booker*, *Gall*, and *Kimbrough* "empowered district courts, not appellate courts . . . . [and have] breathe[d] life into the authority of district court judges to engage in individualized sentencing." U.S. v. Whitehead, 532 F.3d 991 (9th Cir. 2008); *U.S. v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008) (en banc) ("The sentencing court must not be

"so appalled by the offense that it los[es] sight of the offender" and "the record [must] reflect the required consideration of "the history and characteristics of the defendant," 18 U.S.C. § 3553(a) (1).

### A.  Lack of Guidance as a Youth

*U.S. v. Floyd,* 945 F.2d 1096 (9th Cir. 1991) (in drug case, court affirms departure from guideline range of 30 years to life to 17 years because of defendant's abandonment by his parents and lack of guidance as a youth –rendering defendant less culpable. Also observing that "a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime").  Note: The Guidelines eliminated this ground in §5K2.0 (d)(1),  but *Booker* has given it new life.); *Landrigan v. Schriro* 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse.")

### B. Defendant was Addicted to Drugs

*U.S.  v. Garcia,* 497 F.3d 964 (9th Cir. 2007) (where D convicted of drug conspiracy and sentenced to over 100 years, sentence vacated in part because district judge erred in holding it had no power to consider to defendant's drug addiction and resulting mental impairment as a mitigating factor under 18 U.S.C. § 3553(a).  Fact that guidelines preclude downward departure because of voluntary use of drugs under USSG § 5K2.13 and 5H1.4 does not preclude the Court from using same as mitigating factor under § 3553(a)).

As described in the PSR, the defendant engaged in this conduct largely to support his drug addiction.  He has spent a lot of time in custody and has realized that drugs are his downfall.  The defendant is looking forward to receiving drug treatment while incarcerated.

//

//

### C. Defendant's Disadvantaged Background

*Landrigan v. Schriro,* 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse."); *United States v. Brown*, 985 F.2d 478, 481 (9th Cir. 1993) (proper to grant downward departure in light of psychological report detailing childhood of severe abuse and neglect); *United States v. Floyd*, 945 F.2d 1096, 1100 (9th Cir. 1991) (departure from guideline of 360 months–life to 17 years reasonable due to defendant's lack of guidance as a youth) (overruled on other grounds).

### D. The Defendant Was Exposed to Domestic Violence as a Child

The court can consider the defendant's troubled upbringing and his exposure to domestic violence as a child. *U.S. v. Lopez*, 938 F.2d 1293, 1298 (D.C. Cir. 1991). "Children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens." *Santosky v. Kramer*, 455 U.S. 745, 789 (1982) see *U.S. v. Deigert*, 916 F.2d 916, 918-19 (4th Cir. 1990); *see Penry v. Lynaugh*, 492 U.S. 302, 319 (1989) (Rehnquist, J., dissenting )(evidence about the defendant's background is relevant because of the belief "long held by this society, that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems may be less culpable than defendants who have no such excuse.")

### CONCLUSION

The defendant is 21 years old. A 10-year sentence is a very serious punishment for the crime he committed. We respectfully submit that a 10-year sentence followed by a lengthy term of supervised release is a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing, it would be sufficient to protect the public from future crimes committed by the defendant, it would provide a just punishment for

his offense, and it would be sufficiently long for the defendant to be able to receive necessary vocational training and drug treatment necessary to lead a law-abiding life.

Dated:  November 24, 2021

/S/ David D. Fischer
DAVID D. FISCHER
Attorney for Defendant
ANGEL JESUS SANCHEZ-MANRIQUEZ
