PHILLIP A. TALBERT
Acting United States Attorney
BRIAN A. FOGERTY
SAM STEFANKI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANGEL JESUS SANCHEZ-MANRIQUEZ,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-CR-00148-TLN<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>DATE: December 2, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

　　　The United States of America (the "government") requests that the Court sentence defendant Angel Jesus Sanchez-Manriquez to 135 months of imprisonment, followed by a 25-year term of supervised release.

　　　Sanchez-Manriquez sexually abused and exploited a fifteen-year-old child, A.G. He caused her to engage in prostitution after she ran away from home. He video-recorded her as she had sexual intercourse with him and performed other sex acts. He also threatened A.G.'s mother when she confronted him about her daughter. His criminal history includes prior convictions involving narcotics and firearms. A low-end guidelines sentence of 135 months in prison followed by 25 years of supervised release is sufficient, but not greater than necessary, to account for Sanchez-Manriquez's conduct and criminal history, to punish him for his crime, and to deter him and others like him from victimizing children in the future.

///

///

GOVERNMENT SENTENCING MEMORANDUM　　　　1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Sanchez-Manriquez pleaded guilty to an information charging him with one count of sex trafficking a child, in violation of 18 U.S.C. § 1591. *See* ECF No. 40. The Presentence Investigation Report ("PSR") calculates Sanchez-Manriquez's offense level to be 31 and his criminal history category to be III. PSR ¶¶ 29, 39, ECF No. 50. The PSR also accurately indicates that Sanchez-Manriquez's conviction requires him to pay a mandatory special assessment of $5,100. PSR ¶ 76; *see* 18 U.S.C. § 3014(a)(1).

The government has no objections to the PSR's statements of material fact, guidelines calculations, and policy statements. The government previously filed a notice informing the Court that the victim's losses are not yet ascertainable and requesting that the Court set a restitution hearing for no more than ninety days following sentencing. ECF No. 51; *see* 18 U.S.C. § 3664(d)(5).

## II.    SENTENCING RECOMMENDATION

### A.    The Nature and Circumstances of Sanchez-Manriquez's Offense Require a 135-Month Sentence.

The government requests that the Court impose a 135-month sentence to account for the serious and harmful nature of Sanchez-Manriquez's conduct targeting A.G. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). Sanchez-Manriquez used fifteen-year-old A.G.'s body to make money and for his own sexual gratification. He put her to work having sex with strangers for money before she was old enough to drive a car. *See* PSR ¶ 5.[1] He advertised her as available for acts of prostitution more than seventy times during the fall of 2020, with each online advertisement seeking sex buyers for the victim he sold to the world as his "Snow Bunny." PSR ¶¶ 6–7, 11.

Sanchez-Manriquez actively managed A.G.'s prostitution activity: He told her where and how quickly to perform commercial sex acts, monitored her physical location while she did so, and drove her to motels in Stockton and throughout northern California so that she could make money for him. PSR ¶¶ 8–11, at 19. In addition to exploiting and endangering A.G. by providing her to sex buyers, Sanchez-Manriquez also sexually abused her. PSR ¶ 11. He recorded himself engaging in sexual intercourse

---

[1] A.G. was fifteen years old when Sanchez-Manriquez first put her to work, and she turned sixteen during the course of that abuse. *See* PSR ¶ 5.

with A.G., A.G. performing oral sex, and at least one video of A.G. displaying her genitalia for him. PSR ¶ 11.  He saved these video files to his personal cellular phone.  PSR ¶ 11.

Sanchez-Manriquez treated fifteen-year-old A.G. like a piece of property who existed to finance his lifestyle of drugs, alcohol, and guns.  PSR ¶¶ 31, 34, 47, 53.  Indeed, after he briefly left the Stockton area in November 2020 to work as a marijuana trimmer, Sanchez-Manriquez bragged to his mother that he did not need that job because "I got [A.G.] to make my money."  PSR ¶ 30.  When A.G.'s mother confronted him about her daughter, he threatened to "have my people handle yo stupid ass," told her that his "mom and cousin gonna fuck u up," sent her photographs of Glock firearms, and made his threats explicitly clear by warning her:  "And if u think of calling cops we got bail money don't be scared now, u wanted to start problems now u got them."  PSR ¶¶ 12, 13.

Sanchez-Manriquez's complete disregard for A.G.'s safety, and his subsequent threats to her mother, require a 135-month sentence.  *See* PSR ¶ 80 ("The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.").  Sanchez-Manriquez put a fifteen-year-old runaway in grave danger for his own benefit.  Every time he provided her to a stranger for sex or sexually abused her himself, Sanchez-Manriquez risked A.G.'s health and safety.  The Guidelines call for a significant sentence of more than eleven years because Sanchez-Manriquez repeatedly harmed a child.  *See* 18 U.S.C. § 3553(a)(2)(A).  There is nothing about his offense conduct that mitigates or justifies what Sanchez-Manriquez did.  *See* PSR at 19 (observing that Sanchez-Manriquez's conduct "demonstrates his disassociation to the harm caused to the victim in his effort to make money to support his lifestyle").

**B.**     **Sanchez-Manriquez's History and Characteristics Require a 135-Month Sentence.**

The Court should impose a 135-month sentence because Sanchez-Manriquez's prior arrests and convictions failed to deter him from trafficking a child for his own benefit.  *See* 18 U.S.C. § 3553(a)(1). Approximately three years before he began using A.G., he was convicted of attempted residential robbery and possession of a concealed weapon.  PSR ¶ 34.  While he was on supervision for those offenses, Sanchez-Manriquez's probation officer found him with narcotics, a digital scale, cash, and a replica firearm in his residence.  PSR ¶ 35.

///

This second arrest did not deter him, because Sanchez-Manriquez was still on probation when he used and abused A.G. to make money to finance his lifestyle. *See* PSR ¶¶ 37, 53. Furthermore, FBI agents recovered video and image files on Sanchez-Manriquez's cellular phone depicting him shooting and brandishing firearms. PSR ¶ 31. Agents also found evidence that Sanchez-Manriquez was selling firearms over the Internet. PSR ¶ 31.

Prior law enforcement interventions failed to deter Sanchez-Manriquez's criminal conduct. In fact, despite those interventions, his criminality is becoming more severe as he graduates from drug and property crimes to sexually exploiting a child. *See* PSR at 20 (noting Sanchez-Manriquez's "admitted drug abuse issues and pattern of poor decision making"). Additionally, there is evidence that Sanchez-Manriquez does not fully appreciate the harm his crime caused to his child victim. *See* PSR at 19 (observing that Sanchez-Manriquez's upbringing "demonstrates his disassociation to the harm caused to the victim"). Sanchez-Manriquez's track record indicates that a 135-month sentence is required to ensure that he cannot victimize other children the same way he did A.G. *See* PSR at 20 (noting the possibility that Sanchez-Manriquez "would have recruited more victims if he had not been contacted by law enforcement").

### C. Twenty-Five-Years of Supervised Release Is Also Needed to Protect the Public.

The sentence recommended in the PSR and by the government will protect the public by ensuring that Sanchez-Manriquez is actively supervised by a probation officer for twenty-five years following his release from custody. *See* PSR at 20 ("This length of supervision is warranted to protect the public . . . ."). Given the relative lack of adult supervision during his childhood and his criminal acts upon reaching adulthood, Sanchez-Manriquez would clearly benefit from some sort of authority figure who can help him make positive changes in his life. PSR at 20 (recommending a twenty-five-year supervised release term to help Sanchez-Manriquez "reintegrate into the community, address his treatment needs, encourage him to engage in prosocial activities, and reduce his risk of reoffending in the future").

A twenty-five-year term of supervision will provide certainty, oversight, and accountability for Sanchez-Manriquez, and these will be critical for him to avoid relapsing to criminal conduct upon his release from custody. *See* PSR at 20.

### III.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence Angel Jesus Sanchez-Manriquez to serve 135 months in prison followed by 25 years on supervised release.

Dated: November 24, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney